Moses P. Ginzburg, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Dockets Nos. 12222, 14496. Promulgated November 16, 1928.

*Samuel P. Gurman, Esq.,* for the respondent.
*J. E. Marshall, Esq.,* for the respondent.

Siefkin: These proceedings result from respondent's determination of deficiencies for the years 1918, 1919, 1920, and 1922 in the respective amounts of $861.10, $785.98, $1,229.51, and $1,098.98. They were consolidated for hearing and decision.

Petitioner is a citizen of the United States engaged in the publishing and printing business under the name of the Daily Jewish Courier, with offices at Chicago, Ill. The business was run by petitioner, his wife, his son, Eli, three daughters and two sons-in-law. Mrs. Ginzburg managed the job printing, kept such accounts as were kept concerning it, and gave the totals of such accounts to the general bookkeeper, who reported it along with other income. Income was realized from real estate in undisclosed amounts. The returns were joint returns.

Following a fire in 1921 the only books found pertaining to any of the years in question were two cash journals covering part of 1919 and all of 1920. The deficiencies for 1918, 1919, and 1920 were computed by treating 47 per cent of gross receipts as gross profits and 12 per cent of such gross profits as net income. A like percentage method of computation was employed to determine the deficiencies for 1922. The books for 1922 were available but were not produced in evidence.

At the hearing proof was confined to the year 1920. The substance of the testimony, given by petitioner and by a witness who has been his bookkeeper since about April 1 of 1920, was to the effect that a loss was sustained by petitioner during the year 1920. The record gives no factual basis for such conclusions other than that loans from the bank in 1920 were in part unpaid at the close of that year. As the income prescribed by the taxing statute may differ materially from the ordinary concept of income, if there is such a concept which is commonly accepted, we can not accept a conclusion of a witness as to law and fact.

Several exhibits were introduced by petitioner in support of his contention. The two principal ones, consisting of a statement of cash receipts and disbursements for 1920 as shown by the books, and a statement purporting to show the totals of receipts and disbursements, were admitted without objection. However, such exhibits were demonstrated to be worthless for our purpose by cross-examination showing that no distinction was made in disbursements between repayments of loans, installment payments on capital assets, and ordinary expenses.

While we recognize the injustices that may spring from determining taxable income by a percentage method, we must also recognize respondent's duty to determine the tax due, and, in the absence of information providing the basis for a different method, we must approve the determination made.

*Judgment will be entered for the respondent.*